IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Kimberly Holloman<br>7212 Mason Street<br>District Heights, Mc 20747<br><br>    Plaintiff<br><br>v.<br><br>Step By Step In Home Care LLC<br>Ste 306-307<br>22196 Three Notch Rd.<br>Lexington Park Md 20653<br><br>    Serve Resident Agent:<br>        Ebony Hutchins<br>        Ste 306-307<br>        22196 Three Notch Rd.<br>        Lexington Park Md 20653<br><br>And<br><br>Ebony Lyndora Hutchins<br>7105 Garden Ct<br>Bryans Road, MD 20616-3259<br><br>    Defendants. | Case Number: _____ |

**COMPLAINT**

Plaintiff, Kimberly Holloman ("Ms. Holloman"), by and through undersigned counsel, hereby submits this Complaint against the above-captioned Defendants, Step By Step In Home Care, (hereafter referred to "Step by Step" and/or "Defendant") for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 207 et seq. ("FLSA"), Maryland Wage and Hour Law, MD. CODE ANN., LABOR & EMPLOY. §§ 3-401., et seq. ("MWHL"), the Maryland Wage Payment and

Collection Act, MD. CODE ANN., LABOR & EMPLOY. §§3-501, et seq. ("MWPCA"), as set forth below.

## JURISDICTION

1. Jurisidiction in this matter is proper based on 28 U.S.C. §1331 as the matter raises issues of federal statutory law.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a citizen and resident of Maryland residing at 7212 Mason Street District Heights, Maryland 20747.

3. By participating as named Plaintiff in this action, Plaintiff consents to prosecute claims against Defendants under the FLSA, MWHL and the MWPCA.

4. Step-by-Step In- Home Care, LLC is a MD corporation regularly carrying on business in Prince George's County, Maryland.

5. Defendant ("Hutchins") is a citizen and resident of Maryland.

6. At all times relevant hereto, Defendant(s) were jointly, severally and directly responsible for and personally supervised the hiring, firing and supervision of all employees.

7. At all times relevant hereto, Defendant(s) were jointly, severally and directly responsible for and personally supervised setting pay rates for compensation to Plaintiff(s) and for all withholdings and for all other matters related to payment of wages and salaries.

8. At all times relevant hereto, Hutchins was directly responsible for and personally supervised the actions by staff and employees.

9. At all relevant times hereto, Hutchins was directly responsible for and personally supervised the payment of all wages, salaries and compensation to staff and employees.

10. Plaintiff began employment working for Defendants on or about April 1, 2019.

11. Plaintiff's employment was terminated on or about February 29, 2020.

12. Plaintiff's rate of pay was agreed to be $10.50 (the "Wage Rate").

13. Plaintiff's overtime rate of pay is $15.75 ("OT")

14. Step-By-Step In-Home Care, LLC is an in home nursing care provider.

15. Plaintiff was employed in the position of Caregiver.

16. Defendants failed and refused to pay Plaintiff regular wages and/or overtime wages on a timely and consistent basis.

17. The Defendants failed to pay a total of $8,154.43 in regular wages as and when due.

18. The Defendants failed to pay a total of $25,995.26 in overtime wages as and when due.

19. From the period of July 2019 to February 2020, Plaintiff worked 1,667 hours of overtime.

20. Paintiff's overtime rate of pay is $15.75

21. Please see Plaintiff's damage calculations below:

| Period | Hours Worked | Overtime Hours | Wages Paid | Regular Owed | OT Owed |
|---|---|---|---|---|---|
| Jul-19 | 142 | 0 | 1,292 | 271.35 | 0 |
| Aug-19 | 397.5 | 237.5 | 3,421.08 | 752.67 | 3,740.63 |
| Sep-19 | 385 | 225 | 2,622 | 1,420.50 | 3,543.75 |
| Oct-19 | 461 | 301 | 5,485.10 | 0 | 4,740.75 |
| Nov-19 | 352 | 192 | 2,130.95 | 1565.05 | 3,024 |
| Dec-19 | 351.5 | 191.5 | 2,443.30 | 1,246.70 | 3,016.13 |
| Jan-20 | 404 | 244 | 3,878.46 | 363.54 | 3,721.00 |
| Feb-20 | 436 | 276 | 2,043.38 | 2,534.62 | 4,209 |

| TOTAL | 1667 | 8154.43 | 25995.26 |

22. On information and belief, the Defendants failed to keep and maintain records of the wage and hours data pertaining to Plaintiff as required by law and failed to make appropriate and required notice and disclosures to the Plaintiffs.

23. Pursuant to the foregoing, at all times, Defendants were Plaintiff's "employer" for all relevant purposes.

24. At all times during Plaintiff's employment Defendant directly supervised and controlled the Plaintiff.

25. At all times during Plaintiff's employment Defendant had the power to hire, fire, suspend and otherwise discipline Plaintiff.

26. At all times during the Plaintiff's employment, Defendant Hutchins was responsible for supervising the Plaintiff's work duties to ensure work was meeting expectations.

27. At all times during the period of Plaintiff's employment Defendant set and controlled or had the power to set and control the Plaintiff's work schedules and rates of pay.

28. Plaintiff was not an "exempt" employee under applicable law.

29. Defendant's failure to pay Plaintiff was willful and intentional and not the result of any bona fide dispute.

30. Defendant failed to pay wages as and when due.

31. Defendants failed to pay overtime.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT (Overtime)

1. Ms. Holloman re-alleges each and every allegation set forth in the paragraphs

above as if each were set forth herein.

2. The FLSA mandates that an employer must pay employees for each and every hour worked, with payment of 1.5 times the hourly rate for hours exceeding 40 in one week, and that payment must be made as and when due.

3. At all times, Plaintiff an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(l), and Defendants were jointly and severally the Plaintiff's "employer" under FLSA, 29 U.S.C. § 207(a)(2).

4. Ms. Holloman was entitled pursuant to the FLSA to be paid 1.5 times that regular rate for all hours worked over 40 hours per week.

5. The overtime rate for Ms. Holloman was $15.75 per hour.

6. Between April 1, 2019 through February 29, 2020 (the "Damages Period"), Ms. Holloman worked 1667 hours of overtime.

7. Ms. Holloman was entitled to overtime pay for 1667 hours in the base amount of $26,255.25.

8. Step By Step had actual and/or constructive knowledge of all hours worked by Ms. Holloman.

9. As set forth above, Step by Step failed and refused to pay 1.5 times regular rate for all hours worked over 40 hours per week.

10. Step by Step's failure and refusal to pay the Plaintiff was not made as the result of any *bona fide* dispute, was willful and intentional and was not in good faith.

11. Ms. Holloman is also entitled to liquidated damages in the amount of $26,255.25 for failure to pay overtime wages per the FLSA, and to an award of attorneys fees and costs.

WHEREFORE, Step by Step is liable to Ms. Holloman under Count I for the amount of $52,510.50 being comprised $26,255.25 for the overtime wages unpaid, plus $26,255.25 as liquidated damages, plus Step by Step is liable for all other unpaid wages in such amounts as are proven at trial, plus interest (both pre- and post-judgment), plus compensatory damages for lost wages, punitive damages and reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of Maryland Wage & Hour Law (minimum wage/overtime)

12. Plaintiff re-alleges each and every allegation set forth in the paragraphs above as if each were set forth herein.

13. Plaintiff was an "employee" and Defendants were Plaintiff's "employers" within the meaning of of the MWHL.

14. Under the MWHL, Defendants were obligated to pay compensation for all hours worked that Plaintiff performed.

15. Plaintiff performed work duties as described above.

16. Defendants failed to pay minimum wage, overtime or the agreed wage.

17. At all relevant times, Defendants knew that Plaintiff had been required to work without pay in violation of law.

18. As discussed supra, Defendants had actual and/or constructive knowledge of all hours worked by Plaintiff and nonetheless failed to pay for such time at minimum or the agreed wage.

19. Defendant is liable for treble liquidated damages for having failed to pay as

6

agreed.

WHEREFORE, Defendants are liable to Plaintiff under Count I for the amount of $102,449.07  such damages being comprised of $34,149.69 for the total regular and overtime wages unpaid,  plus liquidated damages of $68,299.38 in amount equal to two times the total amount of unpaid wages, plus Defendants are also liable for all other unpaid wages in such amounts as are proven at trial, , plus interest (both pre- and post-judgment), plus compensatory damages for lost wages, punitive damages and reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III
### Maryland Wage Payment Collection Act (Unpaid Wages)

20. Plaintiff re-alleges each and every allegation set forth in the paragraphs above as if each were set forth herein.

21. Plaintiff was an "employee" of the Defendants pursuant to MD. CODE ANN. LABOR & EMPLOY §3-504 and §3-502.

22. Defendants were obligated to pay to Plaintiff all wages as and when due for Plaintiff's work performed.

23. Defendants failed to pay wages as and when due.

24. Defendants' failure and refusal to pay wages as and when due was not the result of any *bona fide* dispute.

25. Under such circumstances, Plaintiff is entitled to recover, in addition to wages, an equal to two times the amount of compensation due as liquidated damages, as well as attorney's fees and costs.

WHEREFORE, Defendants are liable to Plaintiff under Count I for the amount of $102,449.07  such damages being comprised of $34,149.69 for the total regular and overtime

wages unpaid,  plus liquidated damages of $68,299.38 in amount equal to two times the total amount of unpaid wages, plus Defendants are also liable for all other unpaid wages in such amounts as are proven at trial, , plus interest (both pre- and post-judgment), plus compensatory damages for lost wages, punitive damages and reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

          Respectfully submitted,
          HOLZMAN LAW FIRM, LLC

    BY:    ECF /s #10751
          Lawrence R. Holzman
          6404 Ivy Lane, Suite 650
          Greenbelt, MD 20770
          (301) 876-4393
          Attorney for Plaintiff

<u>Jury Demand</u>

Plaintiff demands a trial by jury as to all matters so triable.

          _____/s/_____
          Lawrence R. Holzman